```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
_____

ANDRA COOPER,                    )
                                 )
     Plaintiff,                  )
                                 )
v.                               )    No. 22-2396-JTF-tmp
                                 )
LOWE'S,                          )
                                 )
     Defendant.                  )
_____

    ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS
_____
```

Before the court is defendant Lowe's Motion to Dismiss, filed on May 9, 2023.[1] (ECF No. 29.) After *pro se* plaintiff Andra Cooper failed to respond to the motion, the undersigned entered an Order to Show Cause. (ECF No, 31.) Cooper filed a response on June 30, 2023. (ECF No. 32.) For the reasons set forth below, the motion is GRANTED in part and DENIED in part.[2]

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

[2] Although a magistrate judge must generally submit a report and recommendation on a dispositive motion under 28 U.S.C. § 636, "the majority of courts to consider the issue have concluded that when a party brings a motion for discovery sanctions, the sanction chosen by the magistrate judge, rather than the sanction sought by the moving party, governs the magistrate judge's authority over the motion." Kindred v. Memphis Light, Gas & Water Division, No. 19-cv-2660-TLP-tmp, 2021 WL 6751896, at *2 (W.D. Tenn. Apr. 21, 2021) (quoting Builders Insulation of Tenn., LLC v. S. Energy Sols., No. 17-cv-2668-TLP-tmp, 2020 WL 265297, at *4-5 (W.D. Tenn.

**I. BACKGROUND**

On June 17, 2022, Cooper filed a *pro se* complaint against his former employer, Lowe's, alleging race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. (ECF No. 1.) On October 28, 2022, Lowe's attempted to schedule Cooper's deposition and requested his availability via email. (ECF No. 29 at PageID 120.) Cooper failed to respond. (Id.) On December 13, 2022, Lowe's emailed Cooper again and asked for his availability to attend his deposition in January 2023. (Id. at PageID 121.) Cooper again did not respond. (Id.) On December 16, 2022, Lowe's sent Cooper a letter along with a Notice of Deposition that stated his deposition would take place in Memphis, Tennessee on January 19, 2023. (Id.) The letter also requested that Cooper contact counsel for Lowe's to discuss the mediation requirement. (Id.) Cooper called counsel for Lowe's and the parties agreed to work together to select a mediator. (Id.) Cooper also agreed to postpone written and deposition discovery pending the conclusion of the mediation. (Id.)

The parties were unable to schedule mediation by the January 18, 2023 deadline, and upon a joint motion from the parties, the

---

Jan. 17, 2020)); see, e.g., Catrinar v. Wynnestone Cmtys. Corp., No. 14-11872, 2017 WL 4349284, at *1, n.1, (E.D. Mich. Sep. 30, 2017). Since the undersigned declines granting the Motion to Dismiss, 28 U.S.C. § 636(b)(1)(A) permits the undersigned to proceed by order rather than report and recommendation.

court extended the mediation deadline to April 19, 2023. (ECF No. 22.) The court also extended the deposition deadline to April 26, 2023, and dispositive motion deadline to May 25, 2023. (Id.) The parties agreed to continue to postpone discovery pending the outcome of mediation, and Lowe's canceled Cooper's January 19 deposition. (ECF No. 29 at PageID 121.)

On February 23, 2023, Lowe's emailed Cooper requesting his availability for a deposition in April 2023, to occur after the mediation, if necessary. (Id.) Once again, Cooper did not respond. (Id.) Lowe's emailed Cooper again on March 3, 2023, and Cooper still did not respond. (Id.) On March 8, 2023, Lowe's sent Cooper, by email and mail, a letter along with an Amended Notice of Deposition that stated Cooper's deposition would occur on April 26, 2023, at 9:30 a.m. CST in Memphis, Tennessee. (Id. at PageID 122.) The letter told Cooper to reach out if the April 28 date was inconvenient. (Id.) Cooper did not contact counsel for Lowe's regarding the date of the deposition. (Id.) On March 13, 2023, the parties scheduled mediation for April 18, 2023. (Id.) The parties attended mediation but did not settle the case. (Id.) Cooper claims that during mediation, he informed counsel for Lowe's that he was unable to attend the April 18 deposition because he had not received the deposition notice. (ECF No. 32 at PageID 146.) Cooper also states that it would have been "detrimental" to his case to attend his deposition because Lowe's had not complied with its own

discovery obligations. (Id. at PageID 147.) Counsel for Lowe's contends that Cooper "acknowledged his upcoming deposition" at the mediation. (ECF No. 29 at PageID 122.) Counsel for Lowe's prepared for the deposition and traveled from Nashville to Memphis to take the deposition on April 18, 2023, but Cooper failed to attend. (Id.)

Lowe's filed the instant motion on May 9, 2023, seeking dismissal of the case for failure to prosecute. (Id.) In the alternative, Lowe's seeks to extend the discovery and dispositive motion deadlines, to have the court set the deposition by court order, and to order Cooper to pay for Lowe's travel cost associated with rescheduling the deposition. (Id. at PageID 125.)

## II. ANALYSIS

Federal Rule of Civil Procedure 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). In the Sixth Circuit, courts look to four factors when determining whether dismissal under this rule is appropriate: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." Knoll v.

Am. Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999). Dismissal "is a harsh sanction which the court should order only in extreme situations where there is a showing of a clear record of delay or contumacious conduct by the plaintiff." Little v. Yeutter, 984 F.2d 160, 162 (6th Cir. 1993); see also Freeland v. Amigo, 103 F.3d 1271, 1277 (6th Cir. 1997). "'Contumacious' is defined as 'perverse in resisting authority' and 'stubbornly disobedient.'" Schafer v. City of Defiance Police Dep't, 529 F.3d 731, 737 (6th Cir. 2008) (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 497 (1986)). "[I]n the absence of contumacious conduct, an alternate sanction that would protect the integrity of pretrial procedures should be utilized rather than dismissal with prejudice." Freeland, 103 F.3d at 1280.

In this case, dismissal is not warranted. As to the first factor, although the court is concerned by Cooper's repeated failures to communicate with counsel, the record before the court is not sufficient to establish that Cooper's conduct has been in bad faith. He has coordinated with counsel for Lowe's to schedule mediation and attended that mediation. He also claims that he informed counsel for Lowe's that he would not attend the April 18 deposition during the mediation session. While the court finds that Cooper's reason for not wanting to attend his deposition (Lowe's purported failure to provide its own discovery) should not have prevented him from appearing at his own deposition, the court

finds that this first factor weighs against the sanction of dismissal.

Turning to the other factors, the court acknowledges the prejudice to Lowe's that Cooper's failures to communicate and absence at his deposition have caused. However, Cooper has not been warned that his failure to cooperate could lead to dismissal. Further, the court has not imposed or considered a less drastic sanction prior to the present motion. Dismissal is "the sanction of last resort." Beil v. Lakewood Eng'g and Mfg. Co., 15 F.3d 546, 552 (6th Cir. 1994). It is only permissible when "no alternative sanction would protect the integrity of the pretrial process." Schafer, 529 F.3d at 738. In this case, the court finds that Cooper's conduct, while concerning, does not warrant sanctions under Rule 41(b), including dismissal or bearing the cost of Lowe's travel for a second deposition.

Instead, the court will grant Lowe's request to extend the discovery and dispositive motion deadlines. The discovery deadline is reset to August 25, 2023, and the dispositive motion deadline is reset to September 25, 2023. Cooper is ordered to attend his deposition at a date and time of Lowe's choosing in the Memphis area. As stated above, Lowe's purported failure to comply with its discovery obligation does not excuse Cooper's need to attend his deposition. Further, Cooper is warned that failure to comply with

court orders may result in sanctions, including but not limited to attorney's fees and dismissal of the lawsuit with prejudice.

### III. CONCLUSION

Based on the foregoing, Lowe's motion is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

July 6, 2023
Date